# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CREDIT BUREAU STRATEGY CONSULTING, LLC, | * |
| Plaintiff | * |
| v. | CIVIL NO. JKB-18-71 |
| BRIDGEFORCE, LLC, *et al.*, | * |
| Defendants. | * |

## **MEMORANDUM**

Plaintiff Credit Bureau Strategy Consulting, LLC ("Plaintiff" or "CBSC"), filed a lawsuit against Bridgeforce, Inc., in the Circuit Court for Worcester County, Maryland, on January 27, 2017. (*See* Compl., ECF No. 2.) Plaintiff subsequently amended its complaint naming Bridgeforce LLC, f/k/a Bridgeforce, Inc. ("Bridgeforce"), and Bridgeforce Data Quality Solutions LLC as Defendants. (First Am. Compl., ECF No. 15.) After almost a year of litigation in state court, Bridgeforce removed the case to this Court on January 9, 2018. (*See* Notice of Removal, ECF No. 1.) Plaintiff moved to remand on February 9, 2018 (ECF No. 104), and that motion is fully briefed and ripe (*see* ECF Nos. 119, 122). Bridgeforce moved for leave to file a surreply on June 15, 2018 (ECF No. 123), and that motion is fully briefed and ripe as well (*see* ECF Nos. 124, 127). There is no need to hold a hearing to resolve either matter. *See* Local Rule 105.6 (D. Md. 2016). Bridgeforce's motion for leave to file a surreply will be denied by accompanying order. The Court does not have jurisdiction over this matter, and therefore Plaintiff's motion to remand will be granted by accompanying order.

**I.   *Background***

Plaintiff asserts that it is a "Maryland plaintiff." (*See* Mot. Remand 10, ECF No. 104.) Plaintiff is an LLC and has not explained who its members are, but alleges that its "owner and Chief Executive Officer" is a Maryland resident. (First Am. Compl. ¶ 2.) Bridgeforce is an LLC as well, and now asserts that one of its members is a Maryland citizen. (*See* Opp'n Mot. Remand 3, ECF No. 119.) Therefore, both Plaintiff and Bridgeforce appear to be Maryland citizens for purposes of diversity jurisdiction. *See Smith v. Westminster Mgmt., LLC*, Civ. No. 17-3282, 2018 WL 572867, at *2 (D. Md. 2018).

Plaintiff's lawsuit asserts six state law causes of action. (First Am. Compl. ¶¶ 45-80.) Bridgeforce has brought nine state law counterclaims. (*See* First Am. Counterclaim and First Am. Third-Party Compl., ECF No. 76.) No party to this action has brought a claim for relief under federal law, and neither Plaintiff nor Bridgeforce has directed the Court to a claim that any party has brought in this action that arises under federal law.

On December 20, 2017, Plaintiff's counsel sent Bridgeforce's counsel a letter. (*See* Letter, Notice of Removal Ex. 1, ECF No. 1-1.) In this letter, Plaintiff's counsel wrote that CBSC "ha[d] discovered, in the course of litigation ongoing during this year, that Bridgeforce LLC and/or its related companies . . . have made use of CBSC's copyrighted materials in a way that is outside" a licensing agreement Plaintiff and Bridgeforce purportedly signed. (*Id.* at 1.) Plaintiff's counsel further wrote, "CBSC asserts that these acts constitute violations of 17 U.S.C. § 106 – 122 and 1201, et seq.," referring to federal copyright provisions of the United States Code. (*Id.* at 2.) Twenty days later, Bridgeforce removed the case to this Court, asserting federal question jurisdiction. Plaintiff then moved to remand.

II.  *Discussion*

   a. *Motion for Leave to File Surreply*

"Surreplies are highly disfavored in this District," and may only be filed with the Court's permission. *Roach v. Navient Solutions, Inc.*, 165 F. Supp. 3d 343, 351 (D. Md. 2015) (citing Local Rule 105.2(a)). Surreplies, however, "may be permitted when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003).

In Plaintiff's motion to remand it made two arguments:  A) "Bridgeforce Has Not Complied with the Removal Statute" (arguing that the criteria for diversity jurisdiction had been apparent in this case for over a year) and B) "A Cease and Desist Letter Does Not Create a Claim or Federal Jurisdiction." (Mot. Remand 10-11, ECF No. 104.)

In Bridgeforce's opposition, it explained that the criteria for diversity jurisdiction have never existed in this case and are still not present. It then argued that the December 20 letter constitutes "other paper" within the meaning of 28 U.S.C. § 1446(b)(3), that the letter alerted Bridgeforce to the presence of a federal question in this case, and thus removal within 30 days of receipt of the letter was proper. (*See* Opp'n Mot. Remand.) In Plaintiff's reply, it conceded there is no diversity jurisdiction, and then addressed Bridgeforce's "other paper" argument. Plaintiff, echoing almost verbatim its opening brief, wrote "There is No Federal Question Jurisdiction in this Case." (Reply 3, ECF No. 122.)

Bridgeforce now argues Plaintiff sneaked a "brand new argument" into its reply. Plaintiff did no such thing. Perhaps Plaintiff's initial memorandum did not give certain issues, like whether federal question jurisdiction exists in this case, the attention they may have ultimately deserved. But that is not a sufficient reason to permit Bridgeforce a surreply. *See Mirowski*

3

*Family Ventures, LLC v. Boston Sci. Corp.*, Civ. No. WDQ-13-2627, 2014 WL 2574615, at *3 (D. Md. June 5, 2014) ("[The defendant] has offered no authority to support its argument that [the plaintiff's] failure in its opening brief to give [an issue] the attention that [the defendant] believes it deserves justifies the filing of a surreply."). Plaintiff presented no new arguments in its reply, and Bridgeforce's motion for leave to file a surreply will be denied.

    **b.** *Motion to Remand*

An action brought in a state court may be removed only if the district court would have had original jurisdiction over it. *See* 28 U.S.C. § 1441(a). "The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The Court does not have original jurisdiction over this case, and therefore it will be remanded pursuant to 28 U.S.C. § 1447(c). The most common forms of the federal courts' original subject matter jurisdiction are diversity jurisdiction, *see* 28 U.S.C. § 1332, and federal question jurisdiction, *see* 28 U.S.C. § 1331. Defendant itself argues there is no diversity jurisdiction in this case. And it is apparent there is no federal question jurisdiction, as no federal questions have been presented. Plaintiff has not brought a federal law claim, and Defendant has not brought a federal law counterclaim (including a request for declaratory judgment, *cf. Norfolk S. Ry. Co. v. Guthrie*, 233 F.3d 532, 534 (7th Cir. 2000) ("Where a declaratory plaintiff files a complaint in anticipation of litigation by the declaratory defendant, a case or controversy exists if the threat of such litigation is real and immediate.")).

Defendant argues that 28 U.S.C. § 1454 "indisputably confers federal question jurisdiction upon this Court." (Opp'n Mot. Remand at 12.) That statute reads:

> **(a) In general**.--A civil action in which any party asserts a claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights may be removed to the district court of the United States for the district and division embracing the place where the action is pending.

This is not a "civil action in which any party asserts a claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights." The Court fails to see how 28 U.S.C. § 1454 has any bearing on this case.

Similarly, the Court fails to see how 28 U.S.C. § 1446(b)(3) affects removability here. Bridgeforce spills much ink arguing that the December 20 letter constitutes "other paper" under Section 1446(b)(3), and thus Bridgeforce properly removed after receiving this "other paper." But Section 1446 concerns the process by which a removable case may be removed. This case is not removable, unlike every case Bridgeforce cited for the proposition that the December 20 letter qualifies as "other paper" under Section 1446(b)(3). *See Yarnevic v. Brink's, Inc.*, 102 F.3d 753, 754-55 (4th Cir. 1996) (other paper demonstrated diversity of citizenship); *Sawyer v. Union Carbide Corp.*, Civ. No. CCB-16-118, 2018 WL 369120, at *2 (D. Md. Jan. 10, 2018) (other paper demonstrated that "federal officer jurisdiction" applied); *Beale v. Emperian Vill. of Md., LLC*, PWG-17-1683, 2017 WL 3642916, at *1 (D. Md. Aug. 24, 2017) (other paper demonstrated that amount in controversy was over $75,000); *Westminster Surgery Ctr., LLC v. Cigna Health and Life Ins. Co.*, 2016 WL 4083355, at *1 (D. Md. Aug. 1, 2016) (other paper demonstrated presence of federal question); *Netzer v. Union Carbide Corp.*, Civ. No. WDQ-14-1589, 2014 WL 5587040, at *2-*3 (D. Md. Oct. 31, 2014) (other paper demonstrated fraudulent joinder); *Wright v. Dollar General Store No. 4722/Dolgencorp, LLC*, Civ. No. 4:13-1447-MGL,

2014 WL 509214, at *1 (D. S.C. Feb. 7, 2014) (other paper demonstrated presence of federal question).[1]

Bridgeforce's emphatic arguments and numerous citations do not obscure the fundamental fact that there are no federal claims in this action, and the parties are not diverse. The case must be remanded.

### c. *Fees*

Under 28 U.S.C. § 1447(c), the Court may "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005).

At first glance, it appears that Bridgeforce's basis for removal is objectively unreasonable: there is no federal question in this case, and thus removal is "contrary to well-settled authority." *Gibson v. Tinkey*, 822 F. Supp. 347, 349 (S.D. W.Va. 1993); *see Int'l Legware Grp., Inc. v. Americal Corp.*, No. 5:10-CV-153-D, 2010 WL 3603784, at *3-*4 (E.D.N.C. Sept. 8, 2010) (awarding fees when removal was premised on federal question jurisdiction and complaint "relie[d] exclusively upon state law").

---

[1] After a case becomes removable, a removing party has thirty days to file a notice of removal, *see* 28 U.S.C. 1446(b), and there are some cases which have held that some "other paper" started the thirty-day clock even though it did not itself constitute a federal claim. *See Andrews v. Daughtry*, 994 F. Supp. 2d 728 (M.D.N.C. 2014); *Mirowski*, 2014 WL 2574615. These cases do not help Bridgeforce. In these cases the party removing the case made the case removable by filing a federal law claim. *See Andrews*, 994 F. Supp. 2d at 731 (removing defendant brought federal declaratory judgment copyright counterclaim); *Mirowski*, 2014 WL 2574615, at *2 (same). The courts held that the defendants knew the cases were removable on the basis of some "other paper" *before* they filed their federal claims, and thus the thirty-day clock started not from the filing of the claims, but from the date they received the "other paper." *See Andrews*, 994 F. Supp. at 733-34; *Mirowski*, 2014 WL 2574615, at *5. So, if Bridgeforce had filed a declaratory federal law counterclaim thirty-one days or more after receiving the December 20 letter, then these cases would have some bearing on whether the removal was timely. But there is no dispute here about whether Bridgeforce *timely* removed; there is a dispute about whether this Court has original subject matter jurisdiction over this action. And it does not.

However, a published opinion by a Judge in this District blurs what is otherwise a clear picture. *See Neal v. Trugreen Ltd. P'Ship*, 886 F. Supp. 527 (D. Md. 1995). In *Neal*, the plaintiff filed an employment discrimination suit in state court alleging only state law causes of action. *Id.* at 528. She then moved to dismiss a counterclaim, and indicated in the motion that she would be amending her complaint to add a federal law employment discrimination claim when she received her "right to sue" letter from the Equal Employment Opportunity Commission. *Id.* Months later, the plaintiff amended her complaint as promised, and the defendants removed. *Id.* Judge Young held, in a single-page, published opinion, that the defendants had removed too late. *See id.* Under Judge Young's reading of the removal statute, the plaintiff's motion to dismiss the counterclaim put the defendants on notice of possible federal claims, and the defendants had thirty days to remove from when they received it. *Id.*

The instant case is noticeably different from *Neal*: Plaintiff has not promised to amend its complaint, either in its letter to Bridgeforce or in any pleading before this Court. Furthermore, the undersigned wonders, as other Judge's apparently do, "how the defendant [in *Neal*] could have removed the case even though the district court would have lacked federal-question jurisdiction based on the nonexistence of any live federal claims." *Zamora v. Wells Fargo Home Mortg.*, 831 F. Supp. 2d 1284, 1298 n.6 (D.N.M. 2011).

Still, *Neal* is a published decision of this Court. And although the instant case differs from *Neal* in significant ways, Bridgeforce could possibly have read *Neal* to suggest that if Bridgeforce had waited until Plaintiff amended its complaint to include federal copyright claims (if it ever did), and if that amendment came thirty days after the December 20 letter, then Bridgeforce's removal would have been too late. Although this reading is incorrect, and Bridgeforce's basis for removal is *close* to "objectively unreasonable," because of *Neal* it is not

7

quite there. Moreover, a defendant should perhaps be given a wider berth to try its hand at removal when the basis for removal is federal question jurisdiction. *See Bailey v. Spangler*, Civ. No. 3:14cv556, 2015 WL 5818215, at *3 (E.D. Va. Oct. 5, 2015) (emphasis added) ("[E]ven where the presence of a federal question is dubious at best, courts have declined to award attorneys' fees under [section 1447(c)], because even the possibility of a federal question provides an objectively reasonable basis for removal.").

Furthermore, "[e]ven if this Court had found that Defendants lacked an objectively reasonable basis for seeking removal, it would *still* consider the overall purpose [of Section 1447(c)] of preventing dilatory and wasteful litigation tactics." *Smith v. Westminster Mgmt., LLC*, 292 F. Supp. 3d 645, 649 (D. Md. 2018). There is no doubt that Bridgeforce's ill-conceived removal and borderline frivolous motion for leave to file a surreply delayed the resolution of this case and resulted in the expenditure of additional resources. But other than this *effect*, there is no reason presented by either Bridgeforce's actions or Plaintiff's argument to suggest that delay and wasted resources were Bridgeforce's *intent. Cf. Hyatt v. Johns*, Case No. GJH-16-2912, 2016 WL 8673870, at *3 (D. Md. Oct. 14, 2016) (awarding fees and finding that defendant who had objectively unreasonable basis for removal had engaged in dilatory tactics by improvidently removing in prior litigation). For these reasons, the Court will not award Plaintiff attorney fees under 28 U.S.C. § 1447(c).

### III. *Conclusion*

For the reasons stated, an order shall issue remanding this case.

DATED this 23rd day of July, 2018.

BY THE COURT:

_____/s/_____
James K. Bredar
Chief Judge